IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONGOLEUM CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: _____ |
| ) | |
| METROFLOR CORPORATION and ) | **JURY TRIAL DEMANDED** |
| HALSTEAD NEW ENGLAND ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Congoleum Corporation ("Congoleum"), by and through the undersigned counsel, asserts this action for patent infringement against Defendants Metroflor Corporation ("Metroflor") and Halstead New England Corporation ("Halstead") (hereinafter collectively the "Metroflor Defendants") and alleges as follows.

### Parties

1. Plaintiff Congoleum is a corporation organized and existing under the laws of Delaware and has its headquarters in Mercerville, New Jersey.

2. Upon information and belief, Defendant Metroflor is a corporation organized and existing under the laws of Delaware, with a principal place of business in Darien, Connecticut.

3. Upon information and belief, Defendant Halstead is a corporation organized and existing under the laws of Massachusetts, with a principal place of business in Norwalk, Connecticut.

{00339978;v1}

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1338(a) because this action arises under the patent laws of the United States, Title 35 of the United States Code.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and §1400(b) because the Metroflor Defendants are subject to personal jurisdiction and venue in this district and/or, upon information and belief, have committed acts of patent infringement in this district.

### The '192 Patent

6. Congoleum is engaged in the business of developing, marketing and selling flooring and related building products including, as relevant here, resilient floor tile.

7. On June 23, 2009, U.S. Patent No. 7,550,192, entitled "Resilient Floor Tile" (the "'192 patent"), was lawfully issued. A true and accurate copy of the '192 patent is attached hereto as Exhibit A.

8. Congoleum is the assignee of the '192 patent and has the right to sue for infringement thereof.

9. Congoleum has developed, and currently manufactures and markets, a floor tile that is covered by the claims of the '192 patent.

### CLAIM FOR RELIEF

### Infringement of the '192 Patent

10. Congoleum reasserts and realleges paragraphs 1 through 9 of this Complaint as if fully set forth herein.

11. Upon information and belief, the Metroflor Defendants are in the business of designing, manufacturing, marketing, distributing, and selling a variety of flooring products. The

Metroflor Defendants currently manufacture, market, distribute and sell various lines of floor tile, including without limitation, the Tru-Tile™ and TrafficMaster™ lines of resilient floor tiles.

12. The Metroflor Defendants have infringed, and continue to infringe, the '192 patent, either directly or under the doctrine of equivalents, by making, using, offering to sell, and/or selling products that infringe the '192 patent, including without limitation, certain models within the Tru-Tile™ and TrafficMaster™ lines of resilient floor tiles.

13. Upon information and belief, the Metroflor Defendants' infringement of the '192 patent has been, and continues to be, willful, deliberate and objectively reckless. The Metroflor Defendants' willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. §284 and makes this an exceptional case within the meaning of 35 U.S.C. §285.

14. The Metroflor Defendants' infringing conduct has caused, is causing, and/or will continue to cause irreparable injury and damage to Congoleum, unless enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Congoleum respectfully requests that this Court enter judgment:

1. That the Metroflor Defendants have infringed, and are infringing, one or more claims of the '192 patent;

2. Awarding damages to Congoleum caused by the Metroflor Defendants' infringement and enter judgment for Congoleum in that amount, plus interest and costs;

3. Finding that the Metroflor Defendants' infringement has been willful and deliberate and award up to treble damages to Congoleum pursuant to 35 U.S.C. §284;

4. Finding that this case is exceptional, within the meaning of 35 U.S.C. §285, and ordering the Metroflor Defendants to pay Congoleum's reasonable attorneys' fees pursuant to 35 U.S.C. §285;

5.  Entering a preliminary and/or permanent injunction enjoining the Metroflor Defendants, their officers, directors, agents, servants and employees, and all persons in active concert or participation with them, from infringing the '192 patent; and

6.  Granting Congoleum such other relief as the Court deems just and proper.

### Jury Trial Demanded

Pursuant to Federal Rule of Civil Procedure 38, Congoleum hereby respectfully requests a jury trial on all issues triable of right by a jury.

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (I.D. #2114)
Lauren E. Maguire (I.D. #4261)
Andrew D. Cordo (I.D. #4534)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
acordo@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Eric J. Marandett
Kathleen Burdette Shields
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
(617) 248-5000

Dated: October 9, 2009